IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MARCIA JOHNSON,<br><br>　　　　　Plaintiff,<br>v.<br><br>MAGNUS HOTEL MANAGEMENT, LLC,<br><br>　　　　　Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE<br><br>Case No. 2:24-cv-0025-TS-DBP<br><br>Judge Ted Stewart<br>Magistrate Judge Dustin B. Pead |

This matter is before the Court on Defendant's Motion for Failure to Prosecute, filed on August 13, 2025.[1] For the reasons discussed below, the Court will grant the Motion.

I. BACKGROUND

On January 11, 2024, Plaintiff filed suit[2] alleging discrimination, unlawful harassment, and unlawful retaliation under Title VII of the Civil Rights Act.[3] Subsequently, on April 24, 2024, the Magistrate Judge issued an Order to Show Cause for failure to effect timely service and prosecute and ordered Plaintiff to respond by May 1, 2024. Plaintiff failed to timely respond to the Order and on May 24, 2024, the Magistrate Judge issued a Report and Recommendation recommending that the Court dismiss the action pursuant to Federal Rule Civil Procedure 41(b) and local practice rule DUCivR 41-2.[4]

---

[1] Docket No. 32.

[2] Docket No. 2.

[3] 42 U.S.C. §§ 2000e *et seq.*

[4] Docket No. 9.

Plaintiff filed a Motion for Extension of Time to Obtain Service and an Objection to the Report and Recommendation on June 10, 2024.[5] Plaintiff thereafter filed a proof of service.[6] This Court then rejected the Report and Recommendation and cautioned Plaintiff to timely respond to the Court's orders moving forward.[7] On October 15, 2024, the Court granted the parties' Stipulated Motion for Scheduling Order. On July 29, 2025, the parties filed a Stipulated Motion for Amended Scheduling Order,[8] which the Court granted, extending the dispositive motion deadline to August 13, 2025.[9]

Thereafter, on August 13, 2025, Defendant filed the present Motion to Dismiss for Failure to Prosecute. Plaintiff failed to respond and the time for doing so has now passed.[10]

In its Motion, Defendant asserts that Plaintiff has not served her Federal Rule of Civil Procedure 26(a)(1) Initial Disclosures despite promises to do so since at least January 2025, and has failed to otherwise "engage[] in written discovery or take any depositions in this matter."[11] Pursuant to the Scheduling Order, Rule 26(a)(1) Initial Disclosures were due no later than November 15, 2024.[12]

---

[5] Docket Nos. 10, 11.

[6] Docket No. 12.

[7] Docket No. 20.

[8] Docket No. 29.

[9] Docket No. 31.

[10] DUCivR 7-1(a)(4)(D)(ii).

[11] Docket No. 32 ¶¶ 7–12.

[12] Docket No. 25, at 1.

II. DISCUSSION

Federal Rule of Civil Procedure 41(b) allows involuntary dismissal of an action "[i]f the [petitioner] fails to prosecute or comply with . . . a court order." Dismissal under this Rule ordinarily operates as an adjudication on the merits.[13]

"A district court may dismiss an action under Rule 41(b) after finding that certain enumerated criteria support a dismissal."[14] "These criteria include '(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.'"[15] The Court will address each below.

*1. Degree of actual prejudice to Defendant*

The Court finds that Defendant has been prejudiced by Plaintiff's failure to engage in discovery and properly participate in this action. "Prejudice may be inferred from delay, uncertainty, and rising attorney's fees."[16] The apparent unwillingness of Plaintiff to engage in this action has interfered with the parties' ability to obtain resolution in this matter and caused uncertainty to Defendant. Therefore, this factor weighs in favor of dismissal.

*2. Amount of interference with the judicial process*

The Court finds that Plaintiff's actions have interfered with the judicial process, effectively halting this action. Plaintiff has failed to participate in discovery and failed to respond

---

[13] Fed. R. Civ. P. 41(b).

[14] *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003).

[15] *Id.* (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)); *see also Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

[16] *Jese v. Dennis*, No. 2:16-CV-227-TS, 2019 WL 438351, at *3 (D. Utah Feb. 4, 2019) (collecting cases).

to this Motion. Furthermore, the deadlines for fact discovery have now passed.[17] This factor, therefore, also weighs in favor of dismissal.

    *3. Litigant's culpability*

The Tenth Circuit has articulated that while "dismissal is a drastic sanction, it is appropriate in cases of willful misconduct."[18] "A 'willful failure' is 'any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown.'"[19] Defendant asserts that Plaintiff has failed to comply with Federal Rule of Civil Procedure 26(a) by failing to provide initial disclosures or otherwise participate in discovery. Further, Plaintiff has also failed to respond to the instant Motion. The Court finds that these are intentional failures. This factor weighs in favor of dismissal.

    *4. Whether the Court warned noncomplying litigant that dismissal was likely sanction*

Plaintiff previously failed to timely respond to the Magistrate Judge's Order to Show Cause for failure to prosecute and was warned that dismissal was a possible sanction. Thereafter, this Court warned Plaintiff to timely respond to the Court's orders moving forward. Plaintiff has now failed to make her required Rule 26(a) disclosures in violation of the Scheduling Order[20] and Federal Rules of Civil Procedure. Accordingly, the Court finds that this factor weighs in favor of dismissal.

---

[17] Docket No. 25, at 4 (Deadline for fact discovery to close: 4/30/2025).

[18] *Lopez-Bignotte v. Ontivero*, 42 F. App'x 404, 407 (10th Cir. 2022).

[19] *Id.* (quoting *Sheftelman v. Standard Metals Corp.*, 817 F.2d 625, 628–29 (10th Cir. 1987)).

[20] Docket No. 25, at 1.

5. *Efficacy of lesser sanctions*

The Court finds that any lesser sanctions would be inadequate. Plaintiff has failed to respond to Defendant's Motion or meaningfully participate in discovery and there is no indication that she plans to do so. This factor, again, weighs in favor of dismissal. Considering all the factors above, the Court finds that dismissal for failure to prosecute is appropriate and will grant Defendant's Motion.

### III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss for Failure to Prosecute (Docket No. 32) is GRANTED; it is further

ORDERED that the case is DISMISSED WITH PREJUDICE.

DATED September 3rd, 2025.

                BY THE COURT:

                _____
                TED STEWART
                United States District Judge